UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY DOWNS,

                    Petitioner,

        v.

SACRAMENTO COUNTY SUPERIOR
COURT,

                    Respondent.

Case No.  2:25-cv-3369-JDP (P)

ORDER

        Petitioner, who is detained in the Sacramento County Jail, brings this action under section 2254.  ECF No. 1.  After review of the petition, I find that it fails to state a cognizable federal habeas claim.  I will recommend that it be dismissed with leave to amend.  I will also grant petitioner's application to proceed *in forma pauperis*.  ECF No. 2.

        The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

        The petition cannot proceed past screening for two reasons.  First and most fundamentally, I cannot tell what, if any, habeas claims are being raised.  The petition is submitted on a section

1

2241 form, and petitioner has checked the boxes for both pretrial detainee and convicted prisoner. ECF No. 1 at 1.  In the space provided for description of claims, petitioner indicates that his rights under the First, Fourth, and Fifth Amendments have been violated, and he emphasizes that he has been denied access to the courts.  *Id.* at 6.  Attached to the form is a lengthy and partially illegible attachment that sheds little light on the specifics of petitioner's claims.  The attachment does indicate that, by way of relief, petitioner seeks an order directing members of the Sacramento County Sheriff's Department and the state judiciary to testify with respect to his petition for resentencing.  *Id.* at 15-16.  The only relief available in a section 2254 action is immediate or expedited release from custody.  28 U.S.C. § 2254.  It is not a mechanism for compelling others to testify on a petitioner's behalf.  I note that petitioner does, in a single line, ask the court to set aside his conviction under "factual innocence/wrongful conviction," but he does not describe the specifics of his innocence or how his conviction was wrongful, at least not in intelligibly.

Second, the only conviction petitioner lists on the form complaint is one that was finalized in 1994.  ECF No. 1 at 1.  Thus, his petition is well past the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Given that petitioner's conviction preceded the passage of AEDPA, the latest date for filing a timely petition was in 1997.  *See Lopez v. Covello*, No. 2:24-cv-4517-SVW-SP, 2025 U.S. Dist. LEXIS 130605, *5 (C.D. Cal. Mar. 20, 2025) ("For prisoners whose convictions became final prior to AEDPA's April 24, 1996 effective date, a one-year grace period applies, requiring petitioners to have filed their petitions by April 24, 1997.").  Actual innocence is a viable exception to the statute of limitations but, as noted above, petitioner has not adequately alleged that he is entitled to that exception.

I will give petitioner one opportunity to amend, though it appears unlikely his claims ever will proceed past screening.  If petitioner chooses to file an amended petition, he must do so on the form provided.  The amended petition should be titled "First Amended Petition" and be submitted on the habeas form enclosed with this order.

Accordingly, it is ORDERED that:

1. The petition, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send petitioner a habeas petition form with this order.  If he files an amended complaint, he must use this form.

5. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.


Dated:    February 27, 2026                                    _____
                                                              JEREMY D. PETERSON
                                                              UNITED STATES MAGISTRATE JUDGE

3